1   Trevor T. Garmey (SBN 348234)
    trevor.garmey@katten.com
2   Stuart M. Richter (SBN 126231)
    stuart.richter@katten.com
3   KATTEN MUCHIN ROSENMAN LLP
    2121 Avenue of the Stars, Suite 1100
4   Los Angeles, CA 90067-5010
    Telephone: +1.310.788.4400
5
6   Christopher Cole (*Pro Hac Vice* Pending)
    chris.cole@katten.com
7   Eric T. Werlinger (*Pro Hac Vice* Pending)
    eric.werlinger@katten.com
8   KATTEN MUCHIN ROSENMAN LLP
    1919 Pennsylvania Ave NW, Suite 800
9   Washington, DC 20006
    Telephone: +1.202.625.3500
10  Timothy Parlatore (*Pro Hac Vice* Pending)
    timothy.parlatore@parlatorelawgroup.com
11  PARLATORE LAW GROUP, LLP
    1440 N Edgewood St.
12  Arlington VA 22201
    Telephone: +1.212.679.6312
13

14  *Attorneys for Defendants Black Rifle Coffee Company LLC and*
    *BRC, Inc.*

15                **UNITED STATES DISTRICT COURT**

16               **EASTERN DISTRICT OF CALIFORNIA**

17  JUSTIN BAKKER and NOAH
    LUNDGREN, individually and on behalf
18  of all others similarly
    situated,                              **MEMORANDUM OF POINTS AND**
19                                         **AUTHORITIES IN SUPPORT OF**
                                           **DEFENDANTS' MOTION TO DISMISS**
20              Plaintiffs,                **PLAINTIFFS' COMPLAINT**
                                           **PURSUANT TO FED. R. CIV.**
21      v.                                 **P. 12(b)(6)**

22  BLACK RIFLE COFFEE COMPANY            **Hearing**
23  LLC and BRC INC.,                     Date: April 6, 2026
                                          Time: 1:30 p.m.
24              Defendants                 Place: Courtroom 4, 15th Floor
25
26                                         **[ORAL ARGUMENT REQUESTED]**
27

28

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 4

III.  LEGAL STANDARD .......................................................................................... 6

IV.   ARGUMENT ....................................................................................................... 7

    A.    BRCC Labels Are Not Misleading And Claims Under The UCL,
    The FAL, and the CLRA Should Be Dismissed. ........................................... 7

        1.    *BRCC Makes No Statement of United States Origin, Much
        Less A False Or Misleading Statement.* ............................................ 7

        2.    *In The Alternative, The Court May Consider The Entire
        Package And BRCC Properly Qualified Any Statement Of
        Origin.* ............................................................................................ 10

    B.    Claims Under Section 17533.7 Fail Because BRCC Did Not Use
    "Made in the USA" Or "Similar Words." ..................................................... 13

    C.    Plaintiffs Fail to State a Claim Under New York General Business
    Law §§ 349 and 350. .................................................................................... 15

V.    CONCLUSION ................................................................................................. 16

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcon Vision, LLC v. Lens.com, Inc.*,
no. 1:18-CV-00407-NG-RLM, 2022 WL 1665453 (E.D.N.Y. May 25, 2022)........................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................6

*Banks v. R.C. Bigelow, Inc.*,
536 F. Supp. 3d 640 (C.D. Cal. 2021) ...........................................................6, 11, 13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................................6

*Benson v. Kwikset Corp.*,
152 Cal. App. 4th 1254 (2007) .................................................................................13

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
475 F. App'x 113 (9th Cir. 2012) ...............................................................................8

*Colgan v. Leatherman Tool Group, Inc.*,
135 Cal. App. 4th 663 (2006) .....................................................................................7

*Cristostomo v. New Balance Athletics, Inc.*,
647 F. Supp. 3d, 647 F. Supp. 3d 1 (D. Mass. Dec. 23, 2022) .......................9, 13, 14

*Culver v. Unilever United States, Inc.*,
19-9263-GW-RAOx, 2021 WL 10382839 (C.D. Cal. Jan. 21, 2021) ....................................12

*Daldalian v. Pepsico, Inc.*,
no. 2:25-cv-01491-WLH-E, 2025 WL 2778326 (C.D. Cal. Sept. 3, 2025)....................7, 9, 11

*Garza v. Spectrum Brands Pet LLC*,
760 F. Supp. 3d 1039 (E.D. Cal. 2024).....................................................................10

*Hall v. United States Dept. of Agriculture*,
984 F.3d 825 (9th Cir. 2020) .....................................................................................15

*In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*,
882 F. Supp. 915 (9th Cir. 1994) ...............................................................................8

*In re Gilead Scis. Secs. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .....................................................................................6

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ...................................................................................3

*Manuel v. Hartley*,
   2011 WL 307193 (E.D. Ca. Jan. 27, 2011)................................................................6

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ............................................................................10, 11

*Milso Indus. Corp. v. Nazzaro*,
   no. 3:08-cv-1026 (AWT), 2012 WL 3778978 (D. Conn. Aug. 30, 2012)................9

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ........................................................................................8

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .....................................................................................5

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
   85 N.Y.2d20 (1995) .................................................................................................15

*Paz v. AG Adriano Goldschmeid, Inc.*,
   2014 WL 5561024 (S.D. Cal. Oct. 27, 2014) ..........................................................14

*Resnick v. Hayes*,
   213 F.3d 443 (9th Cir. 2000) .....................................................................................6

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .....................................................................................6

*Williams v. Gerber Prod. Co.*,
   552 F.3d 934 (9th Cir. 2008) .....................................................................................6

**Statutes**

15 U.S.C. § 1051 ...............................................................................................................8

Cal. Bus. & Prof. Code §§ 17200, *et. seq.* ........................................................ *passim*

Cal. Bus. & Prof. Code § 17533.7 ...............................................................4, 12, 13, 14

Cal. Bus. & Prof. Code § 17533.7(a) .........................................................................7, 13

Cal. Civ. Code §§ 1750 *et. seq*...............................................................2, 6, 8, 15

Cal. Civ. Code §§ 17500, *et. seq*............................................................2, 6, 9, 15

N.Y. Gen. Bus. Law § 349...............................................................................4, 15

Katten

Katten Muchin Rosenman LLP
2727 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

iii

N.Y. Gen. Bus. Law § 349(a) ........................................................................................15

N.Y. Gen. Bus. Law § 350.........................................................................................4, 15

**Rules**

Rule 12(b)(6)............................................................................................................5, 6

**Other Authorities**

"BRCC Philanthropy," *available at*
https://www.blackriflecoffee.com/philanthropy-impact ...............................................5

BRCC, "Who We Are," *available at* https://blackriflecoffee.com/about-us/who-
we-are.......................................................................................................................4

Complying with the Made in USA Standard (the "FTC Guidance"), July 2, 2024,
*available at* https://www.ftc.gov/business-guidance/resources/complying-
made-usa-standard; .................................................................................................8

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## I.    INTRODUCTION

This putative and meritless class action accuses Black Rifle Coffee Company LLC and BRC Inc. (collectively, "BRCC") of falsely advertising their coffee products as "Made in the USA"—i.e., "grown, harvested, and processed" in the United States. (Compl. ¶107.) The problem is, BRCC packaging makes *no representation at all* about where the coffee is grown and harvested. So, Plaintiffs attempt to manufacture a viable claim by pointing to BRCC's patriotic display of the American flag and use of the phrase "America's Coffee" on the accused labels. In the process, Plaintiffs ignore state law and twist recent guidance by the Federal Trade Commission (the "FTC") far beyond its permissible scope.

BRCC coffee labels *do not reasonably suggest* a geographic origin and *make no claim* (expressed or implied) *about where the coffee was "made."* BRCC packaging also includes qualifying language that resolves any doubt a consumer might have. The American flag and "America's Coffee" appear on the label for an obvious reason—conveying the patriotic mission and public benefit purpose of the brand and its support for the military veterans of the United States. They do not suggest geographic origin, and any consumer who believes otherwise is credulous or unreasonably naive. The law protects neither. A BRCC consumer could drive from Maine to California and Montana to Texas without encountering a *single coffee plantation,* and Plaintiffs admit that 99 percent of the coffee grown in Hawaii is consumed overseas.

The implied origin claim manufactured by Plaintiffs is nonsense. And even if it were not, BRCC includes appropriate qualifications on its coffee labels that resolve any doubt. As a result, no reasonable consumer would believe that BRCC coffee—unlike *every other retail brand*—is grown, harvested, and produced in the United States, absent *any statement on the label* to that effect. After all, as Plaintiffs admit, the United States ranks 38th in global coffee production. False advertising statutes do not reward the unthinking (or their counsel), and unreasonable interpretations are not actionable. The Complaint should be dismissed for the following reasons.

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

**First**, Plaintiffs fail to state a claim under the California Legal Remedies Act (the "CLRA"), Cal. Civ. Code §§ 1750 *et. seq*., the False Advertising Law (the "FAL"), Cal. Civ. Code §§ 17500, *et. seq*., or the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200, *et. seq*., because the Complaint fails to plausibly allege a false statement or that a reasonable consumer would be misled—a requirement under each statute.

One key reason the claim is implausible: Defendant BRC Inc. is a Delaware public benefit corporation founded by a former United States Army Green Beret and focused on supporting veterans of the United States Armed Forces. Consistent with that mission, BRCC makes regular use of patriotic and military imagery—including the American flag and the slogan "America's Coffee"—to promote these objectives. These displays ***are not an expressed statement of geographic origin***, nor an implied statement. Controlling precedents agree. No reasonable consumer believes that BRCC beans are grown in the United States, just because BRCC coffee bags feature an American flag, "America's Coffee," and Bigfoot wearing night vision goggles. Particularly when these elements are separated by significant space and there is ***no reference*** to "made" or "manufactured." And if that were not the case (and it is), BRCC packaging includes qualifying language and images that resolve any confusion.

Every bag states in bold that the beans are "Roasted in the USA," alongside a statement that a portion of BRCC profits "go to veteran, law enforcement, fire, and first responder causes." (*See* Compl. ¶47; *see also* Decl. of Mattew Amigh (the "Amigh Decl."), at ¶3; "Wakin' the Neighbors' Storyboard, att'd as Ex. C to Amigh Decl.)




Flag on Front

"Roasted in the USA"

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

2

1    Meanwhile, the opposite panel bears a second, modified version of the flag, of equal

2    size, alongside a truthful statement that BRCC was founded by veterans of the Armed Forces:

3

4    

5

6    **Second flag of equal size, accompanied by "Veteran Founded"**

7    

8

9

10

11    (Tactisquatch Storyboard, att'd as Ex. A to Amigh Decl.)[1]   This provides readily visible

12    context to the front label and reinforces the nexus to patriotism and military service.

13    Or consider the "Spirit of '76" label Plaintiffs identify in their pleading. (*See* Compl.

14    ¶47.)  The bag bears the American flag at the bottom of the front label, but also shows George

15    Washington and Abraham Lincoln, as a fife and drum team, ***with an American flag behind***

16    ***them***, blowing in the wind.  Meanwhile, the sides of each bag, in addition to the other

17    elements discussed above, reflect red and white stripes consistent with the American flag.

18

19    

    **Second American Flag on Front Label**

20

21

22    **Horizontal Stripes Consistent with American Flag**

23

24

25    [1] Because Plaintiffs include versions of the Wakin' the Neighbors and Tactisquatch label in
     their Complaint, the original storyboard for the labels, including all relevant statements, are
26    incorporated by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)
     (affirming incorporation of materials the complaint did not reference because claim
27    necessarily depended on them).

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel  +1.310.788.4471 fax

(*Id.*) Plaintiffs fail to explain at all how "America's Coffee" and the small American flag at the bottom could ***possibly*** be misleading, when there are ***two other flags on that package***, ***no reference*** to "made" or "manufactured," red and white stripes on each side panel, and the entire label is a ***clear reference to historical Americana***.

Plaintiffs' allegations take packaging statements out of context, treating these qualifications as inconspicuous, analogous to a small-print nutrition disclaimer. Hardly. The words "Roasted in the USA" appear in larger, bolder script than "America's Coffee." The second depiction of the flag (of the same size) alongside an affirmation of BRCC's military heritage reinforces why the American flag appears on the front. The only reasonable inference a consumer could draw is that the American flag, "America's Coffee" and associated imagery (including Bigfoot and a rooster wearing night-vision goggles) demonstrate BRCC's (occasionally tongue-in-cheek) commitment to patriotism and veterans. Secondarily, that the coffee beans were roasted in the United States.[2]

**Second**, Plaintiffs fail to state a claim under Cal. Bus. & Prof. Code §17533.7 ("Section 17533.7"). The statute prohibits "Made in U.S.A.," "Made in America," "U.S.A.," or "similar words" when a product is substantially made outside the United States, and BRCC makes no such representation and uses no "similar words." Controlling precedent demonstrates that even the use of the American flag, absent additional language directly referencing ***manufacturing or production in the United States***, does not give rise to liability.

**Third**, Plaintiffs fail to state a claim under New York General Business Law §§349 and 350 for the same reasons.

For these reasons, discussed in greater detail below, the Complaint must be dismissed.

## II.    FACTUAL BACKGROUND

Founded in 2014, BRC Inc. is a Delaware public benefit corporation with the avowed goal of hiring veterans, law enforcement, and first responders, and donating funds and in-

---

[2] While Plaintiffs' claims are based on three varietals of BRCC coffee, and other varietals of BRCC coffee feature different artwork.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

kind services to organizations that provide services to veterans. (*See* BRC Inc. Amended and Restated Certificate of Incorporation, att'd as Ex. B to Amigh Decl., at 1-2.) Since its founding, BRCC has celebrated service, patriotism, and military culture.[3] (*See, e.g.*, BRCC, "Who We Are," *available at* https://blackriflecoffee.com/about-us/who-we-are, last visited January 7, 2026 (reflecting mission to provide "coffee and culture to people who love America," and status as "Veteran-founded business operated by principled men and women who honor those who protect, defend, and support our country."))

BRCC labeling and branding emphasizes patriotism, with coffee bags featuring eagles, flags, tactical imagery, stylized military symbols, and patriotic slogans. (*See* Compl. ¶¶1–3, 47-48.)[4]  Philanthropy is at the heart of BRCC's business, and since founding the company has provided financial and in-kind contributions to military veterans, first responders, and organizations that serve them. (*See, e.g.*, "BRCC Philanthropy," *available at* https://www.blackriflecoffee.com/philanthropy-impact, last visited January 7, 2026 (reflecting charitable contributions to veteran-focused organizations and mission of "Serving Those Who Serve").)

The three types of BRCC coffee purchased by Plaintiffs—Tactisquatch, Spirit of '76, and Wakin' the Neighbors—display "America's Coffee" and an American flag on the front panel. (Compl. ¶¶22-23.)  Additional patriotic elements appear elsewhere, including a modified version of the American flag on the right side-panel, with "Veteran Founded" beneath it. (*See, e.g.*, Tactisquatch Storyboard, att'd as Ex. A to Amigh Decl.) The left side-panel bears a large and prominent statement that the coffee is "Roasted in the USA." (Compl. ¶ 66.) ***Entirely absent*** from the packaging are the phrases "Made in America," "Made in the

---

[3] This background is based on the non-conclusory factual allegations in the Complaint, as well as sources incorporated in the Complaint by reference.   BRCC also asks, under separate cover, that the Court take judicial notice of public pages from the BRCC website that are cited throughout, and related facts proffered in the Amigh Declaration.

[4] Although Plaintiffs reference the broader portfolio of BRCC coffee products, their allegations concern only the specific bags purchased.

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

USA," or "American Made," or any similar words. Nonetheless, according to the Complaint, Plaintiffs inferred from the combination of "America's Coffee" and the American flag that BRCC coffee beans were grown in the United States. (*Id.* ¶¶12, 16–17.)  Plaintiffs further assert that they would have paid less but for that assumption. (*Id.*)

The Complaint admits coffee is overwhelmingly grown in tropical regions outside the continental United States. (*Id.* ¶¶26–28.) Plaintiffs cite United States Department of Agriculture data showing that the United States ranks 38th globally in coffee production and contributes less than 1% of the world's supply. (*Id.*) Nearly all that coffee is grown in a single state—Hawaii—and subsequently exported overseas. (*See* Compl. at ¶28.)

## III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal courts reviewing a motion under Rule 12(b)(6) are generally "limited to reviewing the contents of the complaint." *Manuel v. Hartley,* no. C-08-0559 WHA (PR), 2011 WL 307193, at *2 (E.D. Ca. Jan. 27, 2011). But courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

In reviewing a Rule 12(b)(6) motion, the court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

1  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "Factual allegations must

2  be enough to raise a right to relief above the speculative level on the assumption that all the

3  complaint's allegations are true." *Twombly*, 550 U.S. at 545 (2007).

4  **IV.    ARGUMENT**

5         **A.    BRCC Labels Are Not Misleading And Claims Under The UCL, The FAL,**

6              **and the CLRA Should Be Dismissed.**

7         To state a claim under California's UCL, FAL, and CLR, a plaintiff must plausibly

8  allege statements or conduct that misleads consumers. To make this determination, Courts

9  apply the "reasonable consumer" standard. As the Ninth Circuit has explained, these statutes

10  require a plaintiff to show that "members of the public are likely to be deceived." *Williams*

11  *v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Banks v. R.C. Bigelow, Inc.*, 536 F.

12  Supp. 3d 640, 646 (C.D. Cal. 2021). "[A] mere possibility that a label might conceivably be

13  misunderstood by a few customers viewing it in an unreasonable light" is insufficient.

14  *Daldalian v. Pepsico, Inc.*, no. 2:25-cv-01491-WLH-E, 2025 WL 2778326, at *3 (C.D. Cal.

15  Sept. 3, 2025) (citations and quotations omitted.) That is this case, and Plaintiffs fall short

16  for two critical reasons.

17         ***First***, the combination of the American flag and "America's Coffee" does not

18  reasonably suggest the products were "Made in the USA"—i.e., manufactured or produced

19  (or in this case, grown and harvested) in the United States. (*E.g.*, Compl. ¶107.) ***Second***, the

20  combination of the American flag and "America's Coffee," particularly alongside other

21  exaggerated Americana and military imagery, is an obvious invocation of patriotism. The

22  claim that these elements imply "Made in the USA" at best allege ambiguity, and the

23  qualifying language on the side-panels resolve any such ambiguity.

24              **1.    *BRCC Makes No Statement of United States Origin, Much Less A***

25                   ***False Or Misleading Statement.***

26         Plaintiffs allege that combining the American flag and "America's Coffee" imply to

27  a reasonable customer that BRCC's coffee is "Made in the USA." (*See* Compl. ¶¶20-25) (use

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

of flag and "America's Coffee" reflect "unqualified USA-origin claim.") The labels themselves prove otherwise.  BRCC's advertising neither says nor implies anything about the origin of its coffee beans.

The phrase "Made in the USA" means something very specific under California and New York law, that "all or virtually all" of a product is made from domestic components. *See Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 682-683 (2006) (citations and quotations omitted.)[5] When it comes to coffee, absent perception evidence to the contrary, a "Made in the USA" claim informs consumers that virtually all the ingredients, including the beans, were grown, harvested, and produced in the United States.

In this case, BRCC labels do not use the words "Made in USA." Nor is there any other combination of words and images that would suggest to a reasonable consumer that the coffee is "all or virtually all" domestic. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882-83 (9th Cir. 2021) ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." (internal quotation marks and citation omitted).) The latter point is critical, because the Court must consider whether an ***objectively reasonable consumer would read the label to suggest the product is "all or virtually all" made in the United States***. *See, e.g., Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) (dismissing UCL, FCL, and CLRA claims with prejudice because no reasonable consumer would be misled by the disputed label.)

There is no plausible argument that combining the American flag with "America's Coffee" suggests BRCC products are "made" in the United States. Far from an expressed statement of origin, "America's Coffee" is exaggerated and playful—classic puffery, "distinguishable from … false representations of specific characteristics of a product." *In re*

---

[5] *Colgan* was decided before the California legislature amended Section 17533.7(a) to create statutory safe harbors for products labeled as "Made in the USA" that contained a small percentage of components sourced from foreign countries.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel  +1.310.788.4471 fax

*Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. 915, 926 (9th Cir. 1994) (quotations and citations omitted.) The phrase trumpets patriotism, the notion that BRCC coffee and its values best represent the idea of "America," and that purchasing the product supports those values. When viewed alongside other Americana on the front of the packages (such as Bigfoot in night vision goggles, or Presidents Washington and Lincoln marching in front of ***yet another*** American flag), no reasonable consumer would read "America's Coffee"—with or without the American flag—to mean domestic coffee beans.

The placement of the American flag several inches below "America's Coffee" does not alter this conclusion. The use of the American flag is permissible in advertising, and the Federal Trade Commission and California precedent confirm as much. (*See* "Complying with the Made in USA Standard (the "FTC Guidance"), July 2, 2024, *available at* https://www.ftc.gov/business-guidance/resources/complying-made-usa-standard, last visited January 9, 2026); *Daldalian*, 2025 WL 2778326, at *1-3.)

Federal courts construing the Lanham Act agree. *See, e.g.*, *Alcon Vision, LLC v. Lens.com, Inc.*, no. 1:18-CV-00407-NG-RLM, 2022 WL 1665453, at *7 (E.D.N.Y. May 25, 2022) (placing the American flag on contact lenses, adjacent to instructions "for sale in USA only" was not "geographically descriptive" and did not "designate geographic origin"); *Milso Indus. Corp. v. Nazzaro*, no. 3:08-cv-1026 (AWT), 2012 WL 3778978, at *20 (D. Conn. Aug. 30, 2012) (company name "Liberty Casket" and use of the Statute of Liberty and the American flag were "too general … to support an inference that there is an implied claim of domestic manufacture.")

The Central District of California recently explained under analogous circumstances that a tea label bearing the American flag and "Brewed in USA" would not support claims under the UCL, the FAL, and the CRLA. *Daldalian*, 2025 WL 2778326, at *1-3. Granting the motion to dismiss in its entirety, the Court rejected the "fanciful" suggestion that the flag, combined with "Brewed in USA" would inform a reasonable consumer that tea leaves were ***grown in the United States***. *Id.* at *3. As the Court put it, "the fact that the label is

9

accompanied by a water droplet styled as an American flag does not change reality; no reasonable consumer would view the 'iconography of the U.S. flag' immediately above 'Brewed in the USA' as altering the plain meaning of the phrase." *Id*.  This Court should reach the same conclusion, because "America's Coffee" is even less descriptive, and has less of a nexus to production, than "Brewed in the USA."

Contrast *Daldalian* with *Cristostomo v. New Balance Athletics, Inc.*, where the District of Massachusetts applied California law to find that ***superimposing*** the word "made" ***on the flag*** allowed the claims to proceed.  647 F. Supp. 3d at 9, 647 F. Supp. 3d 1, 10 (D. Mass. Dec. 23, 2022). ***That*** is a plausible, implicit "Made in the USA" claim. Even when read in the most generous light, ***nothing*** on BRCC packaging suggests the coffee beans were grown in the United States.

The Court should not allow an impermissible theory of liability to proceed merely because the label could "be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed." *Daldalian*, 2025 WL 2778326, at *3, quoting *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012). The only plausible reading of the two design elements, seen in the context of exaggerated military and patriotic imagery, is that they are intended to convey that buying the coffee supports patriotism and military veterans. Conversely, nothing about BRCC's use of the American flag and "America's Coffee" suggests geographic origin, the labels are not misleading, and Plaintiffs fail to allege a plausible claim.

### 2. *In The Alternative, The Court May Consider The Entire Package And BRCC Properly Qualified Any Statement Of Origin.*

The front of BRCC coffee labels cannot possibly be read to represent ***where its products originate***. But even if the Court deems the front label ambiguous (and it is not), BRCC properly qualified the label with a statement that informs consumers the coffee was ***roasted***, not grown and harvested, in the United States, and a second American flag, alongside the phrase "Veteran Founded."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

When evaluating allegedly false packaging at the pleading stage, the first step is to analyze the front label. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).  If the front label is ambiguous, Courts may look to the back or side of the product for clarification. *Id*. If these labels resolve the ambiguity, "a reasonable consumer would not be deceived." *Garza v. Spectrum Brands Pet LLC*, 760 F. Supp. 3d 1039, 1051 (E.D. Cal. 2024) (quoting *Kim v. Bluetriton Brands*, no. 22-56063, 2024 WL 243343, at *1 (9th Cir. Jan. 23, 2024)).

Consider *McGinity*, which involved a shampoo and conditioner called "Pantene Pro-V Nature Fusion" featuring an avocado on a green leaf and a gold vitamin on the front label. 69 F.4th at 1095-96. The plaintiff argued that the label suggested a "natural" product, that was in fact made with synthetic ingredients. *Id*. at 1096. The court reasoned that "Nature Fusion" could mean "that the products are made with a mixture of natural and synthetic ingredients, that the products are made with a mixture of different natural ingredients, or something else entirely." *Id*. at 1098. The court then looked to the back label, which included an ingredients list featuring synthetic ingredients that "a reasonable consumer would not think are natural." *Id*. at 1099.  Based on the clear disclosure of synthetic ingredients on the back label, the court found no reasonable consumer could be misled by "Nature Fusion."

Applying this rule here produces the same result. BRCC did not make a statement of origin by placing the American flag and "America's Coffee" on its labels. *See Daldalian*, 2025 WL 2778326, at *1-3. But at the very least, this combination of images and text is not an ***unambiguous*** statement that all or virtually all of contents are domestic. "America's Coffee" and the American flag provide no clarity about ***where the products or the contents were grown, harvested, manufactured, or produced***.

A quarter-turn of the bag in either direction dispels any ambiguity. The right-side panel reveals a second, modified American flag, with the phrase "Veteran Founded" underneath. This clarifies that the American flag on the front does not reflect geographic origin, but rather BRCC's commitment to military veterans—a matter of public record. The

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

left side panel reveals a second qualifying label, stating in larger, bold print that the product is "Roasted in the U.S.A." This statement would be superfluous if the American flag and "America's Coffee" somehow conveyed that the product was *made* in the USA.

*Banks* is a helpful contrast. The front label at issue stated "America's Classic" and the back explicitly stated "Manufactured in the USA." 536 F. Supp. 3d at 646. The Court then considered whether (much smaller) text on the side panel, disclosing that the goods were actually "Blended and Packaged in the U.S.A.," sufficiently qualified the explicit statement of origin. *Id*. Because the back label used the word "Manufactured," the Court found the side label insufficiently qualifying. *Id*. at 647. Here, there is no express representation of "manufacture" (or "made") at all; there is only puffery ("America's Coffee"), exaggerated Americana, a second flag with a statement of veteran ownership, and "Roasted in the USA."

Plaintiffs admit that "Roasted in the USA" is the truth. They do not allege it is false or misleading, nor could they. Instead, they downplay the phrase as "inconspicuous lettering." (Compl. ¶66). But as shown in Section I, *supra*, the disclosure appears conspicuously on the package—in script that is just as prominent (if not more so) than "America's Coffee." This necessarily informs any meaning a consumer might ascribe to the front panel. Courts analyze allegedly misleading representations in the ***context of the entire label***, not by isolating a single phrase or design element. *See, e.g., Culver v. Unilever United States, Inc.*, no. cv 19-9263-GW-RAOx, 2021 WL 10382839, at *7 (C.D. Cal. Jan. 21, 2021) ("the entire mosaic should be viewed rather than each tile separately") (citation omitted).

Plaintiffs bury "Roasted in the USA" in their pleading for the same reason they omit the second American flag entirely—these doom their claims. If the Court finds that an American flag and the phrase "America's Coffee," viewed in the context of the entire front panel, may be an ambiguous statement of geographic origin, "Roasted in the USA" and the second flag, alongside the phrase "Veteran Founded," dispels that ambiguity and no reasonable consumer could be misled.

It is also important to recognize what "Roasted in the USA" means to the consumer.

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

Roasting unlocks the flavor potential and the methods used by BRCC to attract customers. Plaintiffs allocate fourteen paragraphs to the transformation of coffee cherries into green coffee beans but devote a single dismissive paragraph to roasting. (Compl. ¶¶30-45).[6] The reason most consumers drink coffee is because of the flavor created during the roasting process. By dismissing the significance of roasting and suggesting consumers pay more for BRCC based solely on (non-existent) "Made in the USA" messaging, Plaintiffs attempt to mislead the Court into believing that all substantive production occurs abroad, when domestic roasting is crucial to the finished product. Suggestions that the "entire process" of coffee production "occurs outside of the United States" are intellectually dishonest and conflate agricultural processing (standard for all green coffee) with the extensive post-import refinements BRCC makes in the United States.

If the Court finds that the American flag and the phrase "America's Coffee" on the front panel **may be** an ambiguous statement of geographic origin, BRCC has appropriately qualified that statement, significant and material steps occur in the United States, the label accurately reflects those steps, and no reasonable consumer could be misled.

**B.    Claims Under Section 17533.7 Fail Because BRCC Did Not Use "Made in the USA" Or "Similar Words."**

Section 17533.7(a) makes it unlawful to sell merchandise labeled with the words "Made in USA," "Made in America," "USA," or "*similar words*" if the merchandise, or any part, is substantially made or produced outside the United States. Cal. Bus. & Prof. Code § 17533.7(a) (emphasis added). Plaintiffs do not allege that any of these words appear on the label. Instead, they suggest the combination of the American Flag and the phrase "America's Coffee" *imply* "Made in the USA" and thus are sufficiently "similar" to allow recovery.

To begin with, BRCC is unaware of *any* case where an allegedly implicit statement of U.S. manufacture was successfully prosecuted under Section 17533.7. There is a material

---

[6] Plaintiffs likely did so to circumvent, at the pleading stage, the "safe harbor" provisions of Section 17533.7.

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

gap between the language and images at issue here and express statements that courts have found actionable. In *Cristostomo*, for example, the Court found a plausible claim because a manufacturer placed "[m]ade in the USA" on its products or superimposed "made" on an image of the American flag. 647 F. Supp. 3d at 10. In *Banks,* the Court focused on a back label stating the product was "[m]anufactured in the USA." 536 F. Supp. 3d at 647-48. California state cases also involve express representations, as in *Benson v. Kwikset Corp*., where the California Court of Appeal found a plausible claim when a manufacturer labeled goods from Taiwan as "[m]ade in the USA." 152 Cal. App. 4th 1254, 1266 (2007).

These precedents involve what the statute unambiguously prohibits—placing "Made in the USA" or "***similar words***" on products that were not "Made in the USA." A viable claim would require that BRCC place on packaging words "similar" to "Made in the USA," such as words representing growth, harvesting, production, or manufacturing in the United States. BRCC does nothing of the sort. It says "Roasted in the USA," which Plaintiffs admit to be true. Plaintiffs attempt to stretch "similar words" far beyond its permissible scope. BRCC's use of the American Flag and "America's Coffee" are not "similar words" to "Made in the USA."

For example, there is a significant difference between superimposing "made" on an American flag, and placing the phrase "America's Coffee" several inches ***above*** the American flag on the BRCC package. "America's Coffee"—a statement of puffery—does not suggest origin or production, and even considered alongside the U.S. flag, does not allow a reasonable inference that the product was manufactured domestically. As noted in Section IV(A)(2), *supra*, the phrase "America's Coffee" has no nexus to growth, harvesting, manufacturing, production, or assembly, and is inactionable under Section 17533.7.

Plaintiffs do not explain how their (unreasonable) interpretation of the label amounts to "similar words." There is no theory of statutory interpretation in their Complaint. They offer instead generalizations and conclusory statements, such as "[r]easonable consumers understand that Made in USA advertising—such as the use of the slogan "America's Coffee"

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

14

paired with the flag constitutes "Made in the USA advertising" by assuming *that* conclusion. (Compl. ¶6.)

Without justifying how, in other words, Plaintiffs ask the Court to take their word that a reasonable consumer makes an extraordinary inferential leap: absent any language **on the front panel** about growth, harvesting, or production, the consumer surmises that the **entire product** was made from domestic ingredients. And they ask the Court to deem "America's Coffee" and the American flag to be "similar words" based on that inference.

But even if the Court disagrees (and it should not), Plaintiffs still cannot recover under Section 17533.7, because that statute excuses qualified statements of origin. *See, e.g.*, *Cristostomo*, 647 F. Supp. 3d at *9-10 (statute does "not apply to qualified "Made in the USA" claims") (citations and quotations omitted); *Paz v. AG Adriano Goldschmeid, Inc.*, no. 14-cv-1372 DMS (DHB), 2014 WL 5561024, at *5 (S.D. Cal. Oct. 27, 2014) (same). For the same reasons set forth in Section IV(A)(2), *supra*, should the Court find that BRCC's front label constitutes an ambiguous statement about manufacture or origin, BRCC adequately qualified that statement by placing "Roasted in the USA" on the left side-panel, and a modified American flag, with the statement "Veteran Founded" on the right side-panel.

**C.     Plaintiffs Fail to State a Claim Under New York General Business Law §§ 349 and 350.**

New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 350. To state a claim, a plaintiff must allege an act, practice, or advertisement "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). That standard is identical to the UCL, FAL, and CLRA and focuses on whether a reasonable consumer would be misled. And as discussed in Section IV(A)(1)-(3), *supra*, no reasonable consumer was misled by BRCC packaging.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiffs' New York claims invoke recent FTC guidance on the use of the American flag in product labeling.[7] (*See* Compl. ¶11; *see also* FTC Guidance.) As an initial matter, the FTC Guidance is just that—non-binding guidance that lacks the force of law. At most, such guidance receives minimal deference from federal courts. *See Hall v. United States Dept. of Agriculture*, 984 F.3d 825, 835 (9th Cir. 2020).

In any event, Plaintiffs' reliance on the FTC Guidance is misplaced. The FTC carefully avoided a categorical ban on the display of the American flag, and specifically identified patriotism as a permissible use, citing the example of a "manager describing the 'true American quality'" of "the work produced at the company's American factory." *See generally* FTC Guidance. The FTC Guidance states that "depending on the context," an American flag "may convey" United States Origin, "either by [itself], or in conjunction with "other phrases and images." *See Id*. Context always matters. And for the reasons stated above, BRCC's use of the American flag here in combination with the boastful slogan "America's Coffee" and exaggerated Americana imagery cannot be reasonably construed, in context, as a statement of origin. BRCC does not refer, in its labels or elsewhere, to its coffee as "made" or "manufactured" in the USA; it does not make any reference to any United States factory or labor force; it makes clear on the side panel that it is "Roasted in the USA," and it markets a product from the tropics that, as explained above, reasonable consumers understands to be grown and harvested overseas.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety with prejudice.

---

[7] Plaintiffs only raise the FTC Guidance in bringing claims under New York law. But if Plaintiffs assert the FTC Guidance to support California claims, the same outcome results. California law allows consideration of symbols to determine whether a label is misleading, but controlling precedent demonstrates that the American flag, whether alone or in concert with hyperbolic puffery like "America's Coffee, does not permit liability.

16

DATED: January 9, 2026

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/ *Trevor T. Garmey*
KATTEN MUCHIN ROSENMAN LLP
Stuart Richter
Trevor Garmey
2121 Avenue of the Stars
Los Angeles, CA 90067-5010
stuart.richter@katten.com
trevor.garmey@katten.com

Christopher Cole (*Pro Hac Vice* Pending)
Eric Werlinger (*Pro Hac Vice* Pending)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave NW
Washington, DC 20006-3404
chris.cole@katten.com
eric.werlinger@katten.com

Tim Parlatore (*Pro Hac Vice* Pending)
PARLATORE LAW GROUP, LLP
1440 N Edgewood St.
Arlington VA 22201
timothy.parlatore@parlatorelawgroup.com

*Attorneys for Defendants Black Rifle Coffee Company LLC and BRC, Inc.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)